# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JOSE HERRERA,** *Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO.1:20-CV-1134- RP |
| **CITY OF AUSTIN AND JOHN DOE,** *Defendants* | § § § § § | |

## DEFENDANT CITY OF AUSTIN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE ROBERT PITMAN:

Defendant City of Austin ("Defendant" or the "City") files this Answer and Affirmative Defenses to Plaintiff Jose Herrera's Original Complaint (Doc. No. 1). Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant respectfully shows the Court as follows:

## ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to each of the specific averments in the Original Complaint as set forth below. To the extent that Defendant does not address a specific averment made by Plaintiff Jose Herrera ("Plaintiff" or "Herrera"), Defendant expressly denies that averment.[1]

Defendant denies the allegations contained in the first unnumbered paragraph in Plaintiff's Original Complaint.

## PARTIES

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1.

---

[1] Paragraph numbers in Defendant's Answer correspond to the paragraphs in Plaintiff's Original Complaint.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies the same.

## JURISDICTION AND VENUE

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. In response to the allegations contained in Paragraph 6, Defendant admits that Court has *in personam* jurisdiction over the City but lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 6.

7. Defendant admits the allegations contained in Paragraph 7.

## FACTS

8. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies the same.

9. Defendant admits that a demonstration occurred on May 30, 2020, but is without sufficient knowledge to form a belief as to the remaining allegations in paragraph 9.

10. Defendant admits that less than lethal munitions were used at different times during the May 30, 2020 protest. Defendant denies the remaining allegations in the Paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the same.

12. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same.

13. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies the same.
14. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies the same.
15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies the same.
16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies the same.
17. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies the same.
18. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies the same.
19. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies the same.
20. Defendant denies the allegations contained in Paragraph 20.
21. Defendant denies the allegations contained in Paragraph 21.
22. Defendant denies the allegations contained in Paragraph 22.
23. Defendant denies the allegations contained in Paragraph 23.
24. Defendant denies the allegations contained in Paragraph 24.
25. Defendant denies the allegations contained in Paragraph 25.
26. Defendant denies the allegations contained in Paragraph 26.
27. Defendant admits that APD officers used less than lethal munitions during the protests that occurred on May 30 and 31st and that there were several injuries due to less than

lethal munitions. Defendant denies the remaining allegations contained in Paragraph 27 of the Original Complaint.

28. Defendant admits there were several injuries from less than lethal munitions used by APD on May 31, 2020 and denies the remaining allegations contained in Paragraph 28.

29. Defendant admits that Justin Howell was struck by a less than lethal munition used by APD officers during the protest and denies the remaining allegations contained in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant admits that Justin Howell was struck by a less than lethal munition used by APD officers during the protest and denies the remaining allegations contained in Paragraph 31.

32. Defendant admits that at one point in the video related to Maredith Drake's incident, her hands are raised over her head but Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Original Complaint and therefore denies the same.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 34 of the Original Complaint and therefore denies the same.

35. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 35 of the Original Complaint and therefore denies the same.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 37 of the Original Complaint and therefore denies the same.

38. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of the Original Complaint and therefore denies the same.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant admits that there were injuries to various individuals, including significant injuries during the May 30 and 31 protest events. Defendant denies the remaining allegations contained in Paragraph 42.

43. Upon information and belief, Defendant asserts that the medical records and September 10, 2020 New England Journal of Medicine Letter to the Editor more precisely addresses the injuries sustained and further asserts that the documents speak for themselves.

44. Upon information and belief, Defendant asserts that the medical records and September 10, 2020 New England Journal of Medicine Letter to the Editor more precisely addresses the injuries sustained and further asserts that the documents speak for themselves.

45. Defendant admits that four members of the Austin City Council publicly asked Police Chief Brian Manley to consider resigning from his position and denies the remaining allegations contained in Paragraph 45.

46. Defendant admits that Chief Manley changed certain Austin Police Department policies after the May protests and denies the remaining allegations in Paragraph 46.

47. Defendant admits that media reports included allegations that munitions used may have been expired and denies the remaining allegations in paragraph 47.

## CAUSES OF ACTION

48. The allegations contained in Paragraph 48 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

49. The allegations contained in Paragraph 49 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

50. The allegations contained in Paragraph 50 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

51. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

52. The allegations contained in Paragraph 52 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

53. The allegations contained in Paragraph 53 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

54. The allegations contained in Paragraph 54 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

55. The allegations contained in Paragraph 55 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

56. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

57. The allegations contained in Paragraph 57 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

58. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61.

62. Defendant denies the allegations contained in Paragraph 62.

63. Paragraph 63 is a statement of the statutory basis for the suit and does not contain allegations that require Defendant to admit or deny.

## DAMAGES

64. Defendant denies the allegations contained in Paragraph 64 of the Original Complaint and denies Plaintiff is entitled to the relief requested.

## PRAYER FOR RELIEF

65. Defendant denies Plaintiff is entitled to the requested relief in Paragraph 65 of the Original Complaint.

## AFFIRMATIVE DEFENSES

1. Defendant City of Austin asserts the affirmative defense of governmental immunity as a municipal corporation entitled to immunity while acting in the performance of its governmental functions, absent express waiver.

2. Defendant City of Austin asserts the affirmative defense of governmental immunity since its employees are entitled to qualified/official immunity for actions taken in the course and scope of their employment, absent express waiver.

3. As a political subdivision, Defendant City of Austin denies that it can be liable for exemplary/punitive damages under 42 U.S.C. § 1983.

4. Defendant reserves the right to assert additional affirmative defenses throughout the development of the case.

**DEFENDANT'S PRAYER**

Defendant City of Austin prays that all relief requested by Plaintiff be denied, that the Court dismiss this case with prejudice, and that the Court award Defendant costs and attorney's fees, and any additional relief to which it is entitled under law or equity.

RESPECTFULLY SUBMITTED,
ANNE L. MORGAN, CITY ATTORNEY
MEGHAN RILEY, CHIEF, LITIGATION
 /s/   Sameer Birring
SAMEER BIRRING
State Bar No. 24087169
Sameer.Birring@austintexas.gov
City of Austin
P. O. Box 1546
Austin, Texas  78767-1546
Telephone (512) 974-3042
Facsimile (512) 974-1311

**ATTORNEYS FOR DEFENDANT CITY OF AUSTIN**

# CERTIFICATE OF SERVICE

I certify that on the 8th day of December, 2020, I served a copy of *Defendant City of Austin's Answer and Affirmative Defenses to Plaintiff's Original Complaint* on all parties, by and through their attorney of record, in compliance with the Federal Rules of Civil Procedure.

**Via CM/ECF:**

Jeff Edwards
EDWARDS LAW
State Bar No. 24014406
jeff@edwards-law.com
Scott Medlock
State Bar No. 24044783
scott@edwards-law.com
Michael Singley
State Bar No. 00794642
mike@edwards-law.com
David James
State Bar No. 24092572
david@edwards-law.com
1101 East 11th Street
Telephone: (512) 623-7727
Fax: (512) 623-7729
**ATTORNEYS FOR PLAINTIFF**

/s/ Sameer Birring